UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Terralyn Monique Diamond<br>c/o: Meridian Law, LLC<br>1212 Reisterstown Road<br>Baltimore, MD 21208,<br><br>    Plaintiff,<br><br>  v.<br><br>Experian Information Solutions, Inc.,<br>c/o The Corporation Trust, Incorporated<br>2405 York Road, Suite 201<br>Lutherville Timonium, MD 21093-2264.<br><br>Trans Union, LLC<br>c/o: CSC-Lawyers Inc. Service Company<br>7 Saint Paul St, Ste 820<br>Baltimore, MD 21202<br><br>RentGrow, Inc.<br>c/o: CSC-Lawyers Inc. Service Company<br>7 Saint Paul St, Ste 820<br>Baltimore, MD 21202<br><br>TT Marketing, Inc.<br>1550 Bray Central Dr.<br>McKinney, TX 75069<br><br>    Defendant(s). | Case No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Terralyn Monique Diamond, by and through counsel, as for this Complaint against Defendants Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("TransUnion"), RentGrow, Inc. ("RentGrow") (Experian, TransUnion, and RentGrow, each a "Bureau" and collectively "Bureaus"), and TT Marketing, Inc. ("TTM" or "Furnisher") respectfully sets forth, complains, and alleges, upon information and belief, the following:

1.   Plaintiff brings this action for damages arising from each Defendant's violations

of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA").

2.  Plaintiff also brings this action for damages arising from TT's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collections Practices Act ("FDCPA").

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p *et seq.* and 15 U.S.C. § 1692 *et seq.*

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

## PARTIES

5.  Plaintiff is a resident of the State of Maryland, County of Prince George.

6.  At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

7.  Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

8.  Experian is an Ohio corporation registered to do business in this State, and may be served with process upon its registered agent c/o The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, MD 21093-2264.

9.  Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

10. At all times material hereto, Experian disbursed such consumer reports to third

parties under a contract for monetary compensation.

11. Defendant Trans Union, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

12. Defendant TransUnion is a Delaware corporation registered to do business in this State.

13. Trans Union may be served with process upon its registered agent at CSC-Lawyers Incorporating Service Company, 7 Saint Paul St, Ste 820, Baltimore, MD 21202.

14. At all times material hereto, Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

15. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

16. Defendant RentGrow is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

17. RentGrow may be served with process at CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore, MD 21202.

18. At all times material hereto, RentGrow is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

19. At all times material hereto, RentGrow disbursed such consumer reports to third parties under a contract for monetary compensation.

20. 22. Defendant TT is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

21. TT is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

22. TT has a service address at 1550 Bray Central Dr. McKinney, TX 75069.

23. Upon information and belief, TT is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another and/or regularly engages in debt collection.

## FACTUAL ALLEGATIONS

24. Plaintiff incorporates the above allegations as if set forth here.

25. Sometime prior to the events relevant here, Plaintiff allegedly incurred a debt to non-party Point South and Bridge Hollow apartments ("Account" or "Debt")

26. The debt was allegedly related to cancelation of a lease of an apartment.

27. Plaintiff never moved in to the apartment.

28. The cancellation was entered on April 11, 2020.

29. Plaintiff allegedly had a remaining balance related to her cancelation.

30. On April 17, 2020, Point South and Bridge Hollow sent Plaintiff a final account statement showing an outstanding balance.

31. That very day Plaintiff paid the full amount of her alleged outstanding balance from the final account statement.

32. On or about April 17, 2020, Point South and Bridge Hollow accepted payment of the outstanding balance of debt from Plaintiff.

33. However, upon information and belief, Point South and Bridge Hollow either sold the Account to, or retained to collect on its behalf, debt collector Defendant TT.

34. The Account's account number with TT begins with 291686….

35. TT continued to report the Account with an outstanding balance.

36. TT continued to report the Account as delinquent to each Bureau.

37. The Account was reported as charged off.

38. This is despite that Plaintiff had paid the outstanding balance.

39. The Account should never have had a balance beyond April 2020.

40. The Account should never have been marked delinquent and should never have been charged off.

41. TT furnished incorrect credit formation about the Account to each Bureau that the Account had a remaining balance despite Plaintiff paying the outstanding balance.

42. The Account is appearing on Plaintiff's credit reports with an outstanding balance.

43. TT continued to report the remaining balance to each Bureau.

44. Each Bureau has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

45. Plaintiff notified each Bureau that she disputed the accuracy of the information it was reporting ("Dispute").

46. Plaintiff disputed with Experian and TransUnion on or around February 17, 2023, and with RentGrow in or about October 2023.

47. Plaintiff stated in her Dispute that she did not owe any money on this account.

48. Plaintiff noted that there should no longer be a current balance reporting for the Debt.

49. Plaintiff stated that she had paid the outstanding balance.

50. Plaintiff included the final account statement from Point South and Bridge Hollow with her Dispute.

51. Plaintiff included the payment confirmation for her outstanding balance with her Dispute.

52. Plaintiff also included her Maryland photo Identification Card, her social security card, her address, and date of birth, with her Dispute.

53. Each Bureau is required to notify TT of Plaintiff's dispute.

54. It appears and is therefore averred that each Bureau notified TT of Plaintiff's dispute.

55. Upon receipt of the dispute of the account by the Plaintiff from each Bureau, TT failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

56. Had TT done a reasonable investigation it would have been revealed to TT that the account is inaccurate.

57. A reasonable investigation by each Bureau would have revealed that the account balance was zero dollars.

58. A reasonable investigation by each Defendant would have revealed that the Account is being incorrectly reported.

59. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed accounts, each Defendant did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed

account was inaccurate.

60. Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failing to delete or correct the disputed trade line within 30 days of receiving Plaintiff's Dispute.

61. Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute to Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

62. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

63. Furnisher's actions described herein violated 15 U.S.C. 1681s-2 (b).

64. Notwithstanding Plaintiff's efforts, each Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

65. Furnisher continued to furnish credit data which is inaccurate and materially misleading, and each Bureau's reporting of the above-referenced trade line continued to be inaccurate and materially misleading.

66. Each Bureau did not follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

67. Defendants knew the information was inaccurate.

68. Each Defendant was in possession of the documentation of the inaccuracies of the Account provided by Plaintiff yet persisted in reporting it anyway.

69. Upon information and belief, each Bureau did not even request documentation

from Furnisher during its investigations of Plaintiff's Dispute.

70. Upon information and belief, Furnisher did not send any documentation to each Bureau during its investigations of Plaintiff's Dispute.

71. Upon information and belief, none of the Defendants contacted the original creditor to investigate Plaintiff's Dispute.

72. None of the Defendants contacted Plaintiff during its investigation of Plaintiff's Dispute.

73. On information and belief, on a date better known to each Bureau, it prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to the Account.

74. The information furnished by Furnisher and published by each Bureau improperly, falsely, and inaccurately characterizes Plaintiff's account information.

75. Each Bureau reported this improper and inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they disseminated to various persons and credit grantors, both known and unknown.

76. Had each Bureau enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report, the negative account information would not have appeared on Plaintiff's credit report.

77. Furnisher continues to furnish credit data which is inaccurate and materially misleading, and each Bureau's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

78. The alleged Account obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

79. The creditor of the Account is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

80. TT collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

81. TT's collection of the Account was improper.

Damages

82. As a result of each Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

83. As a result of TT's failure to also comply with the FDCPA, Plaintiff has been damaged.

84. Each Defendant's erroneous reporting continues to affect Plaintiff's reputation, creditworthiness, and credit score.

85. Plaintiff suffered damage to her reputation as it falsely appears as if she is delinquent on the Account.

86. Plaintiff suffered damage to her reputation as it falsely appears as if there is a remaining balance on the Account.

87. Plaintiff suffered damage to her reputation as the Account was reported as charged off.

88. This false information was published to numerous third parties.

89. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful financial affairs.

90. Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify each Defendant's willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, decreased credit score, a chilling effect on applications for credit, difficulty with sleep, and the mental and emotional pain, anguish,

humiliation, and embarrassment of credit denial and having others see the false credit information.

91. Plaintiff was also denied funding opportunities due to each Defendant's actions.

92. The plaintiff was emotionally distraught.

93. Plaintiff had trouble with sleep.

94. After disputing the Account, Plaintiff was attempting to secure credit and a new apartment.

95. Plaintiff attempted to secure a n apartment in which to live.

96. Due to each Defendant's action, Plaintiff was unable to secure the necessary credit or housing.

97. When Plaintiff attempted to apply for a rental apartment, she received a letter dated September 29, 2023, stating she was denied inter alia due to "Collection from Apartment Community."

98. The denial was based on a credit report from RentGrow and Experian.

99. When Plaintiff again attempted to apply for a rental apartment, she received a letter dated November 25, 2023, again stating she was denied inter alia due to "Collection from Apartment Community."

100. Due to each Defendant's actions, Plaintiff was unable to rent an apartment.

101. Due to each Defendant's actions, Plaintiff was unable to obtain necessary housing.

102. Plaintiff applied for a personal loan from SoFi Bank, N.A. but was denied in whole or in part due to the Account reported by TT on her Experian credit report.

103. Plaintiff applied for a personal loan from Upgrade, Inc. but was denied in whole

or in part due to the Account reported by TT on her Trans Union credit report.

## FIRST CAUSE OF ACTION
### (Violations of the FCRA as to each Bureau)

104. Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

105. This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

106. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that each Bureau maintained or furnished concerning the Plaintiff.

107. Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's Dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

108. Alternatively, upon information and belief, each Bureau further violated 15 U.S.C. § 1681c-2(b) by failing to promptly notify the furnisher of information identified by Plaintiff under subsection (a) of 15 U.S.C. § 1681c-2.

109. Each Bureau has willfully and recklessly failed to comply with the Act.

110. In the alternative, each Bureau has negligently failed to comply with the Act.

111. The failure of each Bureau to comply with the Act includes but is not necessarily limited to the following:

   a. The failure to enact and follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to remove and/or correct the inaccuracy and derogatory credit information

after a reasonable request by the Plaintiff;

c. The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;

d. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff, which was demonstrated with documentation that the information was inaccurate;

e. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete;

f. The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

g. The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

112. As described above, and as a result of the conduct, action, and inaction of each Bureau, Plaintiff suffered damage as described above.

113. The conduct, action and inaction of each Bureau was willful and/or negligent rendering each Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. §§ 1681n-1681o.

114. Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

WHEREFORE, Plaintiff demands judgment against each Bureau for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

**SECOND CAUSE OF ACTION**
(Violation of the FCRA as to Furnisher)

115.    Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

116.    This is an action for will and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

117.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

118.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

119.    The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

120.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

121.    Furnisher violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute(s) of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

122.    As described above, and as a result of the conduct, action, and inaction of Furnisher, Plaintiff suffered damage as described above.

123. The conduct, action, and inaction of Furnisher was willful and/or negligent, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. §§ 1681n-1681o.

124. Plaintiff is entitled to recover reasonable costs and attorney's fees from Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

WHEREFORE, Plaintiff, an individual, demands judgment in her favor for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

### THIRD CAUSE OF ACTION
### (Violation of the FDCPA as to TT)

125. Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

126. TT's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692d, 1692e, and 1692f.

127. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

128. TT violated said section, as described above, in violation of §§ 1692e, 1692e (2), 1692e (5), 1692e (7), 1692e (8), and 1692e (10).

129. Alternatively, TT's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692f, 1692f (1), and 1692f (6).

130. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

131. TT violated this section by unfairly reporting the Account as described above.

132. Pursuant to 15 U.S.C. § 1692d a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

133. TT violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

134. Defendant violated said section, as described above, in violation of § 1692d.

135. By reason thereof, TT is liable to Plaintiff for judgment that TT's conduct violated Sections 1692d, 1692e, and/or 1692f *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

136. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

**WHEREFORE**, Plaintiff demands judgment from TT as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  December 27, 2023

Respectfully submitted,

**Meridian Law, LLC**
s/ Aryeh E. Stein____
Aryeh E. Stein, Esq. #24559
1212 Reisterstown Road
Baltimore, MD 21208
443-326-6011 (phone)
410-782-3199 (fax)
astein@meridianlawfirm.com

**Stein Saks, PLLC**
s/ Eliyahu Babad_____
By:  Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 ext. 121
EBabad@SteinSaksLegal.com
*Pending Admission Pro Hac Vice*

*Attorneys for Plaintiff*